## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN HENNEDY<br>711 Rockaway Street<br>Staten Island, NY 10307<br><br>      Plaintiff,<br><br>v.<br><br>NEW AGE DEVELOPMENT GROUP, LLC<br>16 N. York Road<br>Hatboro, PA 19040<br><br>      Defendant. | :<br>:<br>:<br>:   JURY DEMANDED<br>:<br>:<br>:<br>:   No.<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Dean Hennedy (hereinafter "Plaintiff"), is an adult individual residing at the above address.

2. Defendant, New Age Development Group, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of Pennsylvania with a principal place of business at the above address.

3. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

5. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and Pennsylvania Human Relations Act as more than one year has

passed since Plaintiff has filed his complaint of discrimination with the Pennsylvania Human Relations Commission. (See Exhibit "A," a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission and Exhibit "B," a true and correct copy of the "one year letter" issued by the Pennsylvania Human Relations Commission.)

6. This action is instituted pursuant to the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, section 1981 of the Civil Rights and applicable federal law and state law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. In or about August 2018, Mr. Hennedy was hired by Defendant as a project manager.

11. Mr. Hennedy was qualified for his position and had all the required clearances and education in order to satisfactorily complete his duties for Defendant.

12. Mr. Hennedy's national origin is Egyptian but has been a United States citizen since April 17, 1980.

13. In or about October 2018, Defendant requested that Mr. Hennedy complete a clearance form for his employment.

14. That clearance form requested Mr. Hennedy's national origin.

15. Mr. Hennedy listed Egyptian as his national origin.

16. Immediately after Mr. Hennedy returned the form to Defendant via Mr. Hennedy's supervisor, Steven O'Reilly, Mr. O'Reilly asked if Mr. Hennedy was "an alien," which Mr. Hennedy responded that he is a United States citizen.

17. Despite answering Mr. O'Reilly's question, Mr. O'Reilly continued to call Mr. Hennedy an alien.

18. Mr. Reilly introduced Mr. Hennedy to a new estimator, saying, "Do you know this guy is an alien?"

19. At Defendant's Christmas party in 2018, Mr. Reilly introduced Mr. Hennedy to subcontractors of Defendant, saying "Can you believe this guy is an alien?"

20. Mr. Hennedy refrained from making a complaint as Defendant is a small company and Mr. Hennedy was afraid to lose his job.

21. In or about January 2019, after nearly six months of employment without needing a superintendent's license, Mr. O'Reilly told Mr. Hennedy that he needed a superintendent's license to continue working for Defendant.

22. Upon information and belief, no similarly situated United States born employees were required to obtain superintendent's licenses.

23. Mr. Hennedy immediately began working on the process of obtaining a superintendent's license.

24. On or about February 27, 2019, Mr. O'Reilly approached Mr. Hennedy and terminated Mr. Hennedy's employment due to "lack of work."

25. Upon information and belief, Mr. Hennedy believes the reason for his termination was pretext because at the same time of Mr. Hennedy's termination of employment, Defendant moved a United States born employee to replace Mr. Hennedy and hired another employee to provide estimates in Philadelphia.

26. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE VII – NATIONAL ORIGIN DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**
**(Plaintiff v. Defendant)**

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. Defendant took adverse action against Plaintiff through its harassment and the termination of Plaintiff's employment.

29. Plaintiff's status as an Egyptian places him in a protected class.

30. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass and ultimately terminate his employment.

31. Plaintiff suffered disparate treatment by Defendant, as set forth above.

32. As such, Defendant's decision to harass, treat Plaintiff differently than his Caucasian co-workers, and ultimately terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

33. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

34. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

35. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT II
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee based on national origin.

38. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

39. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

40. Defendant's conduct in harassing and terminating Plaintiff's employment are adverse actions, were taken as a result of his national origin and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

42. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT III
## DISCRIMINATION
## (42 U.S.C. § 1981)

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44. Defendant took adverse action against Plaintiff through its harassment and the eventual termination of Plaintiff's employment.

45. Plaintiff's status as an Egyptian places him in a protected class.

46. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass and ultimately terminate his employment.

47. Plaintiff suffered disparate treatment by Defendant, as set forth above.

48. Defendant took adverse action against Plaintiff by terminating his employment.

49. As set forth above, Plaintiff's status in a protected class was a motivating factor in Defendant's decision to terminate his employment.

50. As such, Defendants' decision to harass, treat Plaintiff differently than his Caucasian co-workers, and ultimately terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 1981.

51. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, Dean Hennedy, demands judgment in his favor and against Defendant, New Age Development Group, LLC in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____
**ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0138
Fx: 215-944-6124
*Attorney for Plaintiff, Dean Hennedy*

Date: __03/04/2021_____

# EXHIBIT "A"

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Dean Hennedy**<br>**711 Rockaway Street**<br>**Staten Island, NY 10307** | From: | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60775** | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*      **12/17/2020**

Enclosures(s)     **Jamie R. Williamson**<br>**District Director**     *(Date Issued)*

cc:     **NEW AGE DEVELOPMENT GROUP, LLC**

**Robert H. Graff, Esq.**<br>
**The Law Offices of Eric A. Shore, P.C.**<br>
**Two Penn Center**<br>
**1500 John F. Kennedy Boulevard, Suite 1240**<br>
**Philadelphia, PA 19102**<br>
robertg@ericshore.com

**Frankie Williams**<br>
**EEO Consultant**<br>
**Insperity PEO Services, L.P.**<br>
**500 Campus Drive**<br>
**Florham Park, NJ 07932**<br>
Frankie.williams@insperity.com

# EXHIBIT "B"



**pennsylvania**
HUMAN RELATIONS COMMISSION

December 01, 2020

Dean Hennedy
711 Rockaway Street
Staten Island, NY 10307

RE: Dean Hennedy Vs. New Age Development Group, LLC
Case No. 201901806
EEOC No. 17F202060775

Dear Dean Hennedy,

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:
Chief Counsel
Pennsylvania Human Relations Commission Executive Offices
333 Market Street, 8th Floor
Harrisburg, PA 17104-2210

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

*Jinada Rochelle*

Jinada Rochelle
Enforcement Office
cc: Robert Graff